rule extends to all unsealed instruments, may admit of some doubt.

Upon another ground, however, the verdict should be set aside, and a new trial granted. There is some obscurity in the case in respect to the facts connected with the admission in evidence of what was claimed to be the release or discharge tendered to the defendant's testator. But, it is at least questionable, whether the instrument produced and identified at the trial was the original, or only a copy with the endorsement of the fact of the tender. It may be, and probably is, the fact, as stated by the plaintiff's counsel, that the witness made the endorsement upon a copy as well as upon the original paper tendered, and that it was the copy that was produced and admitted in evidence. The belief that the paper produced was the original seems to have been rather an inference of the court from there being on it the endorsement in the hand-writing of the witness to the tender, than the result of any direct proof of the fact. The conclusion, however, seems hardly to have been warranted.

It is quite apparent that both parties entered upon the trial without proper preparation. All the material facts were capable of the most satisfactory proof. The execution of a commission to take testimony in Cuba, where the contract was made and the witnesses resided, and where, if at all, the condition was complied with before the delivery of the notes to the plaintiff, would have removed every embarrassment. This course should be taken before the cause is again presented to the court.

New trial granted.

---

SAVAGE (HALL v.). See Case No. 5,944.

SAVAGE (UNITED STATES v.). See Case No. 16,225.

SAVAGE (WILDES v.). See Case No. 17,-653.

SAVAGE MIN. CO. (THORNBURGH v.). See Case No. 13,986.

SAVALOFF (UNITED STATES v.). See Case No. 16,226.

---

## Case No. 12,384.

### The SAVANNAH.

District Court, E. D. Pennsylvania. June, 1868.

SHIPPING — LIABILITY OF VESSEL FOR TORT—INJURY TO BRIDGE ACROSS NAVIGABLE RIVER.

An action in rem will not lie, by the owners of a bridge against a vessel, for damages sustained in a collision.

[Cited in City of Milwaukee v. The Curtis, 37 Fed. 706.]

Decided by CADWALADER, District Judge. Nowhere reported; opinion not now accessible. The statement of the point decided was taken from 1 Pars. Shipp. & Adm. 53.

## Case No. 12,385.

### SAVANNAH v. ATLANTIC & G. R. CO.

[3 Woods, 432.] [1]

Circuit Court, S. D. Georgia. April, 1879.

RAILROAD COMPANIES—TAXATION—BY MUNICIPAL BODIES—GEORGIA CONSTITUTIONAL PROVISION.

1. The act of the general assembly of Georgia of February 28, 1874 (Laws 1874, p. 107), which requires railroad companies to return the value of their property to the comptroller-general, to be taxed as the property of other citizens, gives no authority to local or municipal bodies to tax the property of such companies.

2. The constitution of Georgia of 1877, which abolishes all laws exempting property from taxation, does not thereby impose any tax. Until the legislature authorizes a tax, none can be collected, and then only the particular tax authorized.

Heard on the petition of the mayor and common council of the city of Savannah, for allowance of taxes for the years 1877 and 1878, in property of the Atlantic & Gulf Railroad Company in the city.

W. D. Harden, for petitioners.

W. S. Chisholm, for complainants.

Robt. Falligant, for railroad company.

H. R. Jackson, A. R. Lawton, and W. S. Basinger, for receivers.

BRADLEY, Circuit Justice. The claim in this case is based on two grounds: (1) That the act of 1874, subjecting the company to taxation as other citizens, has abolished the exemption granted by the company's charter, and has made its property taxable in all places. (2) That the constitution of 1877 has abolished all laws exempting property from taxation, except certain enumerated classes of property held for benevolent and public purposes, and, therefore, the property of the company is, at all events liable to be taxed since 1877.

The first ground is clearly untenable. The act of 1874 did nothing more than declare that all railroad companies should annually return the value of their property to the comptroller-general to be taxed as other property of the people of the state, and that they should pay him the taxes assessed upon such property. This law clearly gives no authority to local and municipal bodies to tax the companies also. It might as well be said that because I authorize one man to pick cherries off my trees, therefore everybody has a right to do it. Taxation can only be imposed by law, and when the law prescribes how it is to be imposed, no one else has a right to exact it differently.

The second ground is no more tenable than the first. The constitution of 1877, it is true, says that "all laws exempting from taxation other than the property herein enumerated, shall be void." If this clause relates to past as well as future laws, still its only effect is to abolish exemption and to leave the legis-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]